Record No. 12-4324

In the United States Court of Appeals for the Fourth Circuit

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

KHALLID MUHUMMED CARTER,
a/k/a KHALLID MUHAMAD CARTER,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, Norfolk Division

# REPLY BRIEF OF APPELLANT KHALLID MUHUMMED CARTER, a/k/a KHALLID MUHAMAD CARTER

Paul G. Watson IV
VSB #38605
Counsel for Khallid Muhummed Carter
P.O. Box 600
Eastville, Virginia 23347
Phone       757-678-0044
Facsimile   757-678-9031
E-mail      pgwatson4@gmail.com

Table of Content

| | |
|---|---|
| Table of Authorities | 3 |
| Argument | 4 |
| Conclusion | 7 |
| Certificate of Compliance | 8 |
| Certificate of Service | 9 |

## Table of Authorities

*United States v. Beasley*, 346 F.3d 930 (9th Cir. 2003)     6

*United States v. Dunnigan*, 507 U.S. 87 (1993)     7

*United States v. Godwin*, 272 F.3d 659 (4th Cir. 2001)     4

*United States v. Harrison*, 716 F.2d 1050 (4th Cir. 1983)     5, 6

*United States v. Hastings*, 134 F.3d 235 (4th Cir. 1998)     4, 5

*United States v. Smith*, 29 F.3d 914 (4th Cir.),     6
    *cert. denied*, 513 U.S. 976 (1994)

United State Sentencing Guideline § 3C1.1     7

Argument

<u>1. The trial court committed reversible error by questioning witnesses and commenting on the evidence in a manner that was so prejudicial as to deny Carter an opportunity for a fair and impartial trial</u>

The Government claims that Carter has not cited examples of the Court improperly questioning him. (Br. of the United States at 38.) The Court's questioning of Carter was cited in the Statement of Facts at pages 462-64 and 473 of the joint appendix. The inquiry is "whether the trial judge's comments were so prejudicial as to deny a party an opportunity for a fair and impartial trial." *United States v. Godwin*, 272 F.3d 659, 679 (4th Cir. 2001) (internal quotation marks omitted). The trial court's questions and comments reflected a disdain and disbelief of Carter's testimony to the jury, and thus plain error was committed. *Godwin*, 272 F.2d at 678. Further, the Court cross-examined and impeached numerous witnesses, including Ms. Faulcon, Smith, Mr. Faulcon, Jones and most importantly Ecklin. This is also plain error. These errors "actually affected the outcome of the proceedings," as this case amounted to a credibility contest, and the Court undercut the credibility of the Defendants and their witnesses. *Id.* at 679; *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Therefore, this is reversible error.

2.     <u>The trial court committed reversible error by overruling the objections to the Government statement in closing argument that the Government witnesses were more credible because they did not have criminal records</u>

Again, this case was one of credibility between the Government's witnesses and the Defendants' witnesses, and the Government's remarks in closing relating to its witnesses' lack of criminal records was error and prejudicial. While the Government argues that Wallace's lack of criminal record was in evidence, it related to his ability to possess a firearm. (Br. of the United States at 46.) The Government admits that Faulcon's lack of a record was not in evidence. *Id.* "Whether improper argument by government counsel has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial." *United States v. Harrison*, 716 F.2d 1050, 1051 (4th Cir. 1983) (citations omitted). It made the Government witnesses seem more credible than they otherwise would have been. If the jury had not found the Government witnesses to be credible, it would not have convicted Carter. Therefore, this is reversible error.

3.     <u>There was not a sufficient basis for the jury to conclude that Carter was not justified in his possession of a firearm and ammunition</u>

Carter bore the burden of proving the defense of justification by a preponderance of the evidence. *United States v. Beasley*, 346 F.3d 930, 935 (9th Cir. 2003). A jury verdict must be sustained if a reasonable finder of fact could accept as adequate and sufficient to support its conclusion.

5

*United States v. Smith*, 29 F.3d 914, 917 (4th Cir. 1994), *cert. denied*, 513 U.S. 976 (1994). Carter contends that there was not substantial evidence that there was not a justification for the possession of the firearm. Only Wallace was unequivocal in the assertion that Ecklin was armed before him. Carter, Ecklin, Smith, Tucker and Jones testified that Wallace was threatening Ecklin with a gun before Carter and Ecklin possessed a gun. Therefore, there was a lack of evidence from which the jury could conclude that Carter was not justified in his possession of the gun even viewing the evidence in a light most favorable to the prosecution.

4.    <u>The trial court committed reversible error by imposing the obstruction of justice enhancement pursuant to Federal Sentencing Guideline § 3C1.1 when there was not sufficient proof of Carter testifying falsely concerning a material matter with the willful intent to provide false testimony</u>

The commentary to United States Sentencing Guideline § 3C1.1 provides, "In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." Rather, it should be applied only if "[a] witness testifying under oath or affirmation" who gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or

6

faulty memory." *Id.*; *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). While the Court rejected Carter's testimony that the weapon was found in the stairwell, it did not make a finding that he gave false testimony concerning a material matter with the willful intent to provide false testimony. Therefore, the Court committed error in its application of the sentencing guidelines and Carter's sentence should be vacated.

## Conclusion

For the reasons stated herein, Carter requests that this Court reverse the judgment against him.

<u>Certificate of Compliance with Rule 28.1(e) 32(a)</u>

1.   This brief complies with the type-face limitations of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains 808 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft Word in 14 point Times New Roman.

_____/s/_____
Paul G. Watson IV
VSB #38605
Counsel for Khallid Muhummed Carter
P.O. Box 600
Eastville, Virginia 23347
Phone       757-678-0044
Facsimile   757-678-9031
E-mail      pgwatson4@gmail.com

Dated: October 15, 2012

Certificate of Service

I certify that on October 15, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system as follows:

>Cameron M. Rountree, Esq.
>Special Assistant United States Attorney
>101 West Main Street, Suite 800
>Norfolk, Virginia 23510
>Phone     757-441-6331
>Facsimile 757-441-6689
>E-mail    cameron.rountree@usdoj.gov
>
>Kim Michelle Crump, Esq.
>Counsel for Michael Angelo Ecklin
>999 Waterside Drive, Suite 515
>Norfolk, Virginia 23510
>Phone     757-455-8370
>Facsimile 757-455-5001
>E-mail    attykimcrump@aol.com

_____/s/_____
Paul G. Watson IV
VSB #38605
Counsel for Khallid Muhummed Carter
P.O. Box 600
Eastville, Virginia 23347
Phone       757-678-0044
Facsimile   757-678-9031
E-mail      pgwatson4@gmail.com

9